IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEATICH WILLIAMS, et al, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-420-JHP |
| | ) | |
| INDEPENDENT ORDER OF FORESTERS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendants Independent Order of Foresters Partial Motion to Dismiss and Brief in Support [Doc. No. 14], Plaintiff's Response in Opposition [Doc. No. 21], and Defendant's Reply to Plaintiff's Response [Doc. No. 25]. For reasons set forth below Defendant's Motion is **GRANTED**.

Defendant Independent Order of Foresters filed the pending Partial Motion to Dismiss and Brief in Support asking this Court to dismiss three counts pled against it in the Complaint: (1) Count VI alleging negligence and gross negligence, (2) Count III alleging a violation of the Unfair Claims Settlement Practices Act, and (3) Count V alleging fraudulent misrepresentation. Before filing a response to the Defendant's motion the Plaintiff filed a voluntary Stipulation of Dismissal [Doc. No. 20] stating that she has reviewed the Motion to Dismiss, concedes Counts IV and III are not sustainable claims and voluntarily dismisses these claims without prejudice. The Plaintiff stated she does not anticipate refiling these claims unless there is a "change in the current law." [Doc. No. 20] The Plaintiff did, however, file a Response in Opposition to the Defendant's Motion to Dismiss as to Count V, fraudulent misrepresentation.

1

The Defendant contends Count V should be dismissed because the Plaintiff failed to plead her allegations of fraudulent misrepresentation with particularity as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b) states:

> **(b) Fraud or Mistake; Condition of Mind.**
> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

The Tenth Circuit has held that the requirement of Rule 9(b) require a Complaint alleging fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000) citing *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir.1991). "Rule 9(b)'s purpose is 'to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based....'" *Id. citing Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 987 (10th Cir.1992), *implied overruling on other grounds recognized by, Seolas v. Bilzerian,* 951 F.Supp. 978, 981-82 (D.Utah 1997).

The Plaintiff responds to the Defendant's motion by stating that the Complaint, taken in its totality, is sufficient to satisfy the pleading requirements of Rule 9. The Plaintiff states that, in the alternative, "Plaintiff would request a stay until discovery is completed, or be allowed to amend the Complaint if deemed appropriate." [Doc. No. 21] This Court notes that this motion was discussed at the Status and Scheduling Conference held on January 14, 2010, at which time the Plaintiff was given until February 16, 2010, to make any amendments to her Complaint which she felt was necessary. As of the date of this Order, the Plaintiff has not sought to amend the Complaint.

This Court has reviewed the Complaint and agrees with the Defendant that the allegations

2

of fraudulent misrepresentation as pled are insufficient to place the Defendant on notice of the grounds underlying the fraud claim. This Court finds the Plaintiff has failed to meet the pleading requirements set forth in Rule 9(b) and as such, Defendant's Partial Motion to Dismiss is **GRANTED** and Plaintiff's claim for fraudulent misrepresentation is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** this 25th day of June, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma